BRAD D. BRIAN (State Bar No. 079001)
Brad.Brian@mto.com
HEATHER E. TAKAHASHI (State Bar No. 245845)
Heather.Takahashi@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

BLANCA F. YOUNG (State Bar No. 217533)
Blanca.Young@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-2907
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Defendant
CORINTHIAN COLLEGES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. STEVEN FUHR,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES INC.,<br><br>Defendant. | CASE NO.  8:07-cv-01157-AG-CW<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(1)**<br><br>[Notice of Motion and Motion; and Memorandum of Points and Authorities filed separately.]<br><br>Date:   July 13, 2009<br>Time:  10:00 a.m.<br>The Honorable Andrew J. Guilford |

7952228.1

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS - 8:07-CV-01157

1          Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Corinthian College ("the School") respectfully requests that this Court take judicial notice of the following documents, submitted in support of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1):

         Exhibit A:     A true and correct copy of the complaint filed in *United States ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges*, No. 07 Civ. 1984 (C.D. Cal.) (Gutierrez, J.), on March 26, 2007.

         Exhibit B:     A true and correct copy of the Notice of Election to Decline Intervention filed by the Plaintiff the United States in *United States ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges* on February 24, 2009.

         Exhibit C:     A true and correct copy of the complaint filed in *United States ex rel. Stephen Backhus v. Corinthian Colleges, Inc.*, No. 07 Civ. 891-T30 (M.D. Fl.) (Moody, J.), on May 23, 2007.

         Exhibit D:     A true and correct copy of the Order on Notice of Election to Decline Intervention filed by the Court in *United States ex rel. Stephen Backhus v. Corinthian Colleges, Inc.*, on December 4, 2008.

         Exhibit E:     A true and correct copy of the Notice of Voluntary Dismissal filed by Relator Backhus in *United States ex rel. Stephen Backhus v. Corinthian Colleges, Inc.*, on January 27, 2009.

| | | |
|---|---|---|
| 1 | Exhibit F: | A true and correct copy of the Notice of Election to Decline |
| 2 | | Intervention filed by the Plaintiff the United States in *United* |
| 3 | | *States ex. rel. Shultz v. Devry Inc.*, No. 07 Civ. 5425 (N.D. Ill.) |
| 4 | | (Conlon, J.), on September 24, 2008. |
| 6 | Exhibit G: | A true and correct copy of the Docket Entry Text filed by the |
| 7 | | Court in *United States ex. rel. Shultz v. Devry Inc.* on March 4, |
| 8 | | 2009. |
| 10 | Exhibit H: | A true and correct copy of the Notice of Election to Decline |
| 11 | | Intervention filed by the Plaintiff the United States in *United* |
| 12 | | *States ex. rel. Leveski v. ITT Educ. Servs., Inc.*, No. 07 Civ. |
| 13 | | 0867 (S.D. Ind.) (Lawrence, J.), on November 13, 2008. |

The Court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction . . . or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1111-12 (C.D. Cal. 2003) ("In deciding a motion to dismiss . . . a court may consider . . . matters that may be judicially noticed pursuant to Federal Rule of Evidence 201."); *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Judicial notice of Exhibits A–H is proper because "[t]he court 'may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings.'" *USF Ins. Co. v. Clarendon America Ins. Co.*, 452 F. Supp. 2d 972, 978 n. 1 (C.D. Cal. 2006) (quoting *San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000)). Likewise, the Court may properly take judicial notice of

1  the fact that the United States declined to intervene in the *Lee*, *Backhus*, *Shultz*, and
2  *Leveski* actions, as set forth in Exhibits B, D, F, and H.  Judicial notice is proper
3  because these filings constitute legally operative conduct "whose accuracy cannot
4  reasonably be questioned." Fed. R. Evid. 201; *see* 21B Charles Alan Wright &
5  Kenneth W. Graham, Jr., Fed. Prac. & Proc. Evid.2d § 5106.4 (2009).  For the same
6  reason, the Court may take judicial notice of the fact that Relator Backhus
7  voluntarily dismissed his case on January 27, 2009, as set forth in Exhibit E, and
8  that the court in *Shultz* granted the defendant's motion to dismiss and dismissed the
9  amended complaint with prejudice, as set forth in Exhibit G.

WHEREFORE, the undersigned requests that the Court take judicial notice of Exhibits A–H, true and correct copies of which are attached hereto.

DATED: June 11, 2009                    MUNGER, TOLLES & OLSON LLP

                                        By:     */s/ Brad D. Brian*
                                                BRIAN D. BRIAN

                                        Attorneys for Defendant
                                        CORINTHIAN COLLEGES INC.